# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ANTHONY SMITH,

        Petitioner

VS.

STATE OF GEORGIA,

        Respondent

CIVIL ACTION NO.: 5:10-CV-443 (MTT)

# ORDER

Petitioner **ANTHONY SMITH**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has not sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because he has not paid the $5.00 filing fee, the Court assumes petitioner needs to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone.

In his § 2241 petition, petitioner explains that in 1998 he pled guilty to child molestation in the Bibb County Superior Court and received an unspecified sentence of imprisonment. He explains that he did not appeal the conviction or sentence and he has not filed a state habeas corpus action.

Petitioner states that he is being held in custody unlawfully because he "has been denied parole each time he has been reviewed [although] he consistently works and volunteers on projects which come up." He explains that he has no disciplinary reports and has completed all of the classes needed for parole, but he is still denied early release.

Petitioner also seems to complain about the general parole process utilized by the Georgia State Board of Pardons and Paroles ("the Board"). He states as follows:

> Parole is consistently denied without being properly reviewed, cases which are more serious in crime are granted parole. . . while lesser charges are denied.
> There are no set standards or guidelines, nor does an inmate go before the [B]oard, as in other states, instead it's an invisible entity doling out sentences based on conjectures and opinion.

A habeas action, such as that filed by petitioner, is the appropriate vehicle for challenging the denial of parole in a particular case and for seeking earlier release from prison. Therefore, to the extent that petitioner claims he is wrongfully being denied parole in his case and seeks release, his 28 U.S.C. § 2241 action is properly before this Court. However, it is clear from a review of petitioner's habeas form that he has not exhausted the available state remedies.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. **See Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as section 2254); **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition

to the state's highest court, either on direct appeal or on collateral review. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

In this case, petitioner shows that he has not filed a direct appeal; nor has he filed a state habeas action. Therefore, he cannot proceed with his federal 28 U.S.C. § 2241 petition at this time.

To any extent that Petitioner complains about the Board's parole decision process, he can file an action under 42 U.S.C. § 1983 that seeks damages or prospective injunctive relief to enjoin the allegedly unconstitutional practices and procedures. In other words, if petitioner seeks to change the Board's procedure so that he will receive a fair parole decision in the future, he can file a 42 U.S.C. § 1983 complaint. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)(holding that prisoners may bring § 1983 actions that challenge the constitutionality of parole procedures without fully exhausting state-court remedies so long as their suits, if established, would not necessarily invalidate their confinement); *Gwin v. Snow*, 870 F.2d 616 (11th Cir. 1989). Petitioner does not have to exhaust state court remedies before filing such a § 1983 action. *Id*. at 621. However, Petitioner must keep in mind that early release from prison is not a remedy available under 42 U.S.C. § 1983.

Petitioner must exhaust his remedies as outlined above. Once petitioner has completed all avenues available to him, he will then be permitted to return to federal court. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Federal Habeas Cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

**SO ORDERED**, this 2nd day of November, 2010.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb